UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL W. BUMPAS, | ) |
| Plaintiff, | ) ) ) |
| v | ) No. 3:08mc00052 |
| | ) **JUDGE HAYNES** |
| CCA-MDCDF, ET AL., | ) ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff, a prisoner in the Criminal Justice Center in Nashville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Metro-Davidson County Detention Facility, ("MDCDF") operated on behalf of Metro-Davidson County by the Defendant Corrections Corporation of America. Plaintiff asserts claims under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. (Docket Entry No. 1, ¶ IV, p. 5)

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

In the style of the case, Plaintiff identifies the Defendant as "CCA-M.D.C.D.F[.] Correction Corporation of America[,] et[] al[.], 5115 Harding Place[,] Nashville, Tennessee 37211." (Docket Entry No. 1, p. 1) Despite Plaintiff's use of the phrase "*et al*" in the style of the case, in his complaint, Plaintiff identifies only CCA as a Defendant. (Docket Entry No. 1, ¶ III B, p. 4) In his statement of facts, Plaintiff alleges institutional "barrier[s]," "practices," and "actions" at MDCDF at the time of his incarceration there, but those allegations fail to set forth specific facts. (Docket Entry No. 1, ¶ IV, p. 5) Although Plaintiff refers to the "computation person," the "counselor," "the staff," "the officers," and "the Warden[]," none of these individuals is identified as a defendant in his complaint. Thus, the only defendant in this action is CCA.

To state a claim under § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

CCA can be a "person" that can be sued under § 1983, but for conduct that represents a policy of practice or ratification of its employees' unlawful conduct. <u>Street v. Corrections Corporation of America</u>, 102 F.3d 812, 817-18 (6th Cir. 1996). Yet, Plaintiff fails to allege any specific facts to identify an actionable claim. Thus, Plaintiff's complaint fails to state a claim for relief.

An appropriate Order is filed herewith.

William J. Haynes, Jr.
United States District Judge
9-18-08

2